UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LINDENSMITH,

    Plaintiff,

-vs-

    No. 12-10644
    District Judge Gerald E. Rosen
    Magistrate Judge R. Steven Whalen

DR. PETSCHOW, ET AL.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

On February 14, 2012, Plaintiff David Lindensmith, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983. Before the Court is a Motion for Dismissal filed by Defendants Stephen DeBoer and Jane Price [Doc. #45], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Although ordered to respond by July 26, 2013, Plaintiff has not done so. For the reasons discussed below, I recommend that the motion be GRANTED, and that these Defendants be DISMISSED WITH PREJUDICE.

**I.   FACTS**

*On February 1, 2013, I filed a Report and Recommendation ("R&R") recommending that a motion to dismiss filed by Defendant Petchow be granted [Doc. #26]. That R&R was adopted on March 28, 2013 [Doc. #28]. The factual underpinnings and legal analysis of the Petchow R&R are essentially identical to the issues in the present motion. There being no advantage to reinventing the wheel, the parties will find this discussion familiar.*

The Plaintiff is serving a prison sentence for first-degree criminal sexual conduct.[1] In his complaint [Doc. #1], he alleges that on July 1, 2011, he was transferred to the Parnell Correctional Facility to participate in a sex offender programming ("SOP") group. On July 15, 2011, he received a Parole Eligibility Report stating that he needed to complete SOP, "among other things." On or about July 19, 2011, Plaintiff attended the initial session of Defendant Dr. Petschow's SOP group. However, Dr. Petschow told him he was ineligible for the group because he was appealing his conviction, which was "mutually exclusive" with participating in the group, and that "the group requires admissions that a lawyer is going to tell you not to make."

Defendant states that on September 19, 2011, he was denied parole. Although his parole guidelines showed a "high probability of parole," the Parole Board departed from the guidelines and denied parole because he had "not had the benefit of therapeutic programming which is designed to allow him to gain greater insight into his deviant behavior." The Board also stated that Plaintiff "refuses to accept responsibility."

Giving liberal construction to this *pro se* complaint, Plaintiff claims that the Parole Board, and specifically Board members Stephen DeBoer and Jane E. Price, violated his First Amendment right to petition the government by denying him parole because he was appealing his convictions, and his First Amendment right to free speech by requiring him to admit guilt in order to receive parole. He also claims that the Board violated his Fifth Amendment protection against self-incrimination by requiring him to admit guilt. Finally, he claims that Dr. Petschow violated his First Amendment rights by denying him

---

[1] Neither Plaintiff nor Defendant specifies the offense of conviction. However, Plaintiff previously filed a petition for writ of habeas corpus in this Court, indicating that he pled no contest in the Genesee County Circuit Court to first-degree criminal sexual conduct (CSC I). *See Lindensmith v. Berghuis*, E.D. Mich. No. 08-12346.

participation in the SOP group "due to exercising his 1st Amendment Constitutional right to access the Courts."

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[2] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502

---

[2] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### III.   DISCUSSION

#### A.   First Amendment

Prison inmates have a constitutionally protected right of access to the courts, grounded in the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Berryman v. Rieger*, 150 F.3d 561, 567 (6th Cir. 1988)("It has long been recognized that the lawful resort to the courts is part of the First Amendment right to petition the Government for a redress of grievances"). In *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court held that in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial. In other words, an inmate fails to state a claim "without any showing of prejudice to his litigation." *Kensu v.*

*Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

It may be that Plaintiff's decision to appeal his case stymied his entry into SOP, but he has not shown any corresponding prejudice to his litigation. In fact, he has aggressively pursued post-conviction remedies, including a habeas corpus petition in this Court. *See Lindensmith v. Berghuis*, E.D. Mich. No. 08-12346. He indicates in his complaint that although his habeas petition was denied, he is awaiting a decision on a Certificate of Appealability. Moreover, it also appears from his complaint that he directly appealed his conviction from the Michigan Supreme Court to the United States Supreme Court in *Lindensmith v. Michigan, cert. den.* 549 U.S. 845, *rehearing den.* 549 U.S. 1102 (2006). Plaintiff's access to the courts claim is without merit.

As to Plaintiff's free speech claim, a requirement that Plaintiff accept responsibility for his acts as a prerequisite to parole does not result in a First Amendment violation. While "[t]here is no question that inmates retain many of the protections of the First Amendment, such as rights to free expression," *Bazzetta v. McGinnis* 430 F.3d 795, 804 (6th Cir.2005); *Thornburgh v. Abbott,* 490 U.S. 401, 407, 109 S.Ct. 1874, 1878, 104 L.Ed.2d 459 (1989), "the fact of incarceration necessarily imposes 'limitations on constitutional rights, including those derived from the First Amendment.'" *Hall v. Callejas,* 2011 WL 6782146, *4 (W.D.Mich.2011)(citing *Jones v. N.C. Prisoners' Labor Union, Inc.,* 433 U.S. 119, 129, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977)). "A prisoner retains only those First Amendment rights that are not 'inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Id.,* (citing *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974)). "Thus, 'when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.'" *Id.,*

(citing *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)).

"A prison clinical rehabilitation program" for sex crime offenders bears "a rational relation to a legitimate penological objective[.]"   *McKune v. Lile,*  536 U.S. 24, 37-38, 122 S.Ct. 2017, 2027 153 L.Ed.2d 47(2002)(plurality).  Moreover, "'States . . . have a vital interest in rehabilitating convicted sex offenders' and 'acceptance of responsibility for past offenses' is a 'critical first step' in a prison's rehabilitation program for such offenders[.]" *Hall,* at *5 (citing *McKune,* 536 U.S. at 33, 122 S.Ct. 2017).  As such, the requirement that an inmate convicted of sexual offenses take responsibility for his actions "survives First Amendment scrutiny because it is reasonably related to a legitimate penological interest."  *Id.*; *See also Newman v. Beard,*  617 F.3d 775, 781 (3rd Cir. 2010)(citing *Herrera v. Collins,* 506 U.S. 390, 399–400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993))( because the plaintiff "no longer 'comes before the Court as one who is innocent, but, on the contrary, as one who has been convicted by due process,' [i]t follows that the prison may structure its treatment programs and pursue legitimate penological objectives from that standpoint").

Thus, Plaintiff has not demonstrated an actionable First Amendment claim.

### B.    Fifth Amendment

Although Plaintiff has not filed a response to the present motion, he relied on *King v. Davis,* 688 F. Supp. 2d 689 (E. D. Mich. 2009)(Tarnow, J.), in his response to Defendant Petchow's motion.  *King* dealt with a scenario in which an inmate's ineligibility for parole, for all practical purposes, was premised on her refusal to admit responsibility for criminal sexual conduct.  The denial of parole was based on her failure to participate in a risk prevention program, a prerequisite for which was a requirement that she admit her guilt.  *King* reasoned as follows:

-6-

> [D]efendant may not condition a benefit on the waiver of constitutionally protected rights, *Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), and a false admission of guilt surely would not facilitate the penological goal of rehabilitation. Moreover, there is some disagreement as to whether an inmate's admission of guilt leads to rehabilitation. Although the Supreme Court has stated that "[a]cceptance of responsibility is the beginning of rehabilitation," *McKune v. Lile,* 536 U.S. 24, 47, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002), the Criminal Law Section of the State Bar of Michigan has taken the position that a "prisoner's assertion of innocence should not, standing alone, be a basis for denying parole," because "[t]here is not objective verifiable evidence that an 'assertion of innocence' by an inmate increases the likelihood of recidivism." State Bar of Michigan Public Policy Update, Vol. 6, Issue 47 (Nov. 17-23, 2008).
> *King,* 688 F. Supp. 2d at 692.

The *King* Court also found that the petitioner's Fifth Amendment right against self incrimination could be implicated for future criminal proceedings, noting that there were "no statute of limitations for first-degree criminal sexual conduct . . . and there were allegations at Plaintiff's trial that she sexually abused more children than just the complaining witness." *King,* at 692; M.C.L. § 767.24(1).

The reasoning in *King* is inapplicable to the present case for multiple reasons. First, *King* was a habeas action. Plaintiff in effect contends that pursuant to *King,* he possesses a constitutionally protected interest in maintaining his innocence without the threat of a parole denial. But this is a §1983 action, not a § 2254 habeas action. Under *Greenholtz v. Inmates of Nebraska Penal & Corrections,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), Plaintiff clearly does *not* have a liberty interest in parole that can be vindicated under § 1983. *See also Sweeton v. Brown,* 27 F.3d 1162, 1164 -1165 (6th Cir. 1994).

Second, Plaintiff's argument that his Fifth Amendment right against self incrimination would be violated by his acknowledgment of guilt is without merit. The Fifth Amendment bars the prosecution from compelling a defendant's testimony in a criminal trial or advancing an adverse inference from his decision not to testify. *Kosinski*

*v. C.I.R.*, 541 F.3d 671, 678 (6th Cir. 2008). That proscription on adverse inferences does not apply in a non-criminal case. *Id*. (citing *Baxter v. Palmigiano,* 425 U.S. 308, 318-19, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976)). Nor does it apply in the context of a parole hearing. *Ohio Adult Parole Auth. v. Woodard,* 523 U.S. 272, 286, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998) (a state clemency board may draw adverse inferences from an inmate's failure to testify on his own behalf at a clemency hearing). *See also Hawkins v. Morse*, 1999 WL 1023780, *2 (6th Cir. 1999)(unpublished)(court applies *Ohio Adult Parole Auth.* to the Michigan parole system, stating, "[I]t cannot be said that the alleged pressure to admit that he committed the crime for which he is incarcerated in order to improve his chances for parole forces Hawkins to incriminate himself in violation of the Fifth Amendment").

Finally, in *King,* the finding that the petitioner's Fifth Amendment rights could be implicated by admitting responsibility was based on the likelihood that she faced additional criminal charges arising from the same set of facts upon which she had been convicted. *King,* at 692(citing *Zicarelli v. New Jersey State Comm'n of Investigation,* 406 U.S. 472, 478, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972)(petitioner's "risk of incriminating herself by admitting guilt is a 'real danger,' not 'a remote and speculative possibility' of prosecution"). In contrast here, Plaintiff has not alleged that he anticipates additional charges or that he would be required to admit to activity beyond that for which he has already been convicted.

### C.  Qualified Immunity

Defendants claim qualified immunity. Qualified immunity is an affirmative defense. A state official is protected by qualified immunity unless the Plaintiff shows (1) that the Defendant violated a constitutional right, and (2) the right was clearly established

to the extent that a reasonable person in the Defendant's position would know that the conduct complained of was unlawful. *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). In *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), the Supreme Court held that the two-step sequential analysis set forth in *Saucier* is no longer mandatory. Rather, *Pearson* commended the order of inquiry to the judge's discretion, to be exercised on a case-by-case basis.

Here, an examination of the first prong of *Saucier* will suffice. The Plaintiff has simply not shown that Defendants DeBoer or Price violated any constitutional right. Accordingly, summary judgment in the Defendant's favor is appropriate.

Finally, I again note that despite being ordered to do so, Plaintiff has not filed a response to this motion to dismiss demonstrating that he has stated a plausible claim for relief.

## IV. CONCLUSION

For these reasons, I recommend that Defendants' Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. #45] be GRANTED, and that these Defendants be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 9, 2014            s/ R. Steven Whalen
                                  R. STEVEN WHALEN
                                  UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on January 9, 2014, electronically and/or by U.S. mail.

                                  s/Michael Williams
                                  Case Manager to the
                                  Honorable R. Steven Whalen

-10-